## STATE COURT OF APPEALS, Continued

### No. 675
### DEARWESTER v. STATE

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 635.   Decided June 18, 1925

**118. AUTOMOBILES—When pedestrian is injured by reason of his own act, such act may be held to be the proximate cause thereof to him by driver of automobile only when it provokes or brings the injury.**

BY THE COURT.

Peter Dearwester was indicted and convicted of manslaughter in the Montgomery Common Pleas. The State claimed that Dearwester, while in an intoxicated condition, and while driving his machine at an excessive rate of speed struck and killed one, Martin Shock.

Error was prosecuted and Dearwester contended that the presence of Martin Shock as a loiterer upon the highway must be held to be the proximate cause of the killing. The Court of Appeals said:

A pedestrian has a legal right upon the highway of the state, and it is only when a pedestrian is guilty of some act which provokes or brings his own injury that the act of such pedestrian may be held to be a proximate cause of an injury to him by the driver of an automobile.

The verdict of the jury was supported by sufficient evidence and was not contrary to the manifest weight of the evidence. Judgment affirmed.

Attorneys—Chas. W. Folkerth, A. J. Fiorini for Dearwester; Albert H. Scharrer, Pros. Atty., and Paul J. Wortman, Asst. Pros. Atty., for State; all of Dayton.

### No. 676
### HLABEK v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5656.   Decided Oct. 27, 1924

**661. INTOXICATING LIQUORS—1. Where liquor is seized by officers, question of whether they are unfair or prejudiced, to be taken into consideration.**

**2. Evidence should be such as to satisfy the mind beyond a reasonable doubt.**

SULLIVAN, J.

Frank Hlabek was found guilty of a charge of unlawfully possessing intoxicating liquor by the Justice of Peace of Brooklyn Heights. Hlabek conducted a soft drink parlor and on this occasion a bottle, practically empty, standing in the sink, was seized by the court constables; and upon analysis it was found to contain intoxicating liquor.   Hlabek prosecuted error,

contending that the judgment was against the weight of the evidence. The Court of Appeals held:

1. Courts have been uniform in holding in cases similar to the one at bar, that the evidence was not sufficient to warrant conviction, especially where reliance is based alone on police officers.

2. Question to be considered is whether or not prosecuting officers are unfair or prejudiced. If they are, that should be taken into consideration, if it does not so appear, then that is a fact that should not be weighed against the testimony in the consideration of cases of this kind.

3. The evidence should be of such a nature as to satisfy the mind beyond the existence of a reasonable doubt.

Judgment of lower court reversed and Hlabek discharged.

Attorneys—H. C. Boyd for Hlabek; L. A. Tucker for State; both of Cleveland.